# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KIMBERLY A. SKOROPAT | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 23-00396-CV-W-BP |
| | ) |
| NURSING & REHAB AT RAYMORE, LLC, | ) |
| d/b/a REDWOOD OF RAYMORE | ) |
| | ) |
| and | ) |
| | ) |
| RAYMORE MO CONSULTING, LLC, | ) |
| d/b/a REDWOOD OF RAYMORE | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

COMES NOW Plaintiff Kimberly A. Skoropat, by her counsel of record, and hereby files Plaintiff's Motion for Entry of Default, and in support thereof states as follows:

1. On April 26, 2023, Plaintiff filed this case in the Circuit Court of Cass County, Missouri, asserting various claims arising from her employment with Defendants, both of whom are LLCs. (Doc. 1-2, pp. 1-14). Defendants subsequently removed the case, (Doc. 1), and filed Answers, (Docs. 17, 18).

2. On October 4, 2023, Plaintiff issued/served *Plaintiff's First Request for Production of Documents to Defendant Raymore MO Consulting LLC* (Doc. 24)

3. On October 5, 2023, Plaintiff issued/served *Plaintiff's First Interrogatories to Defendant Raymore MO Consulting LLC* (Doc. 25).

4. On November 22, 2023, Attorney Kyle B. Russell, Defendants' only attorney at the time, filed a Motion for Leave to Withdraw as Counsel for Defendants and requested a 45-day stay so that Defendants could secure new counsel (Doc. 29).

5. On November 27, 2023, the Court issued an Order, which (1) granted Attorney Russell's Motion to Withdraw; (2) stayed the case until December 27, 2023; (3) reminded Defendants they **must have counsel and cannot represent themselves**; and (4) stated the Court would revisit any scheduling issues once Defendants' new counsel had appeared. (Doc. 31, p. 1.) The Court also directed Attorney Russell to inform Defendants of the Court's Order and file a Notice confirming he had done so. (Doc. 31, p. 2) Finally, if Defendants' new counsel had not appeared by December 27, 2023, Plaintiff was ordered to file a Status Report providing an update regarding the state of the case. (Doc. 31, pp. 1-2).

6. On December 12, 2023, Attorney Russell, filed a Notice, indicating (1) he informed the Defendants of the Order via email and (2) the Notice was mailed to the Defendants. (Doc. 32).

7. On December 27, 2023, Plaintiff filed a Status Report, noting new counsel had not entered on behalf of Defendants. (Doc. 33, ¶ 4.) She also stated she issued discovery requests to one Defendant – Raymore MO Consulting LLC ("Raymore") – on October 4 and 5, 2023, but had not received responses. (Doc. 33, ¶¶ 5-7.)

8. On December 29, 2023, Plaintiff filed a Certificate of Service, indicating the Status Report was mailed to Defendants. (Doc. 34.)

9. On January 8, 2024, the Court issued an Order (1) Declining to extend the 30-day stay that expired on December 27, 2023 and (2) Extending the deadline for Raymore to respond to Plaintiff's then pending discovery requests to January 22, 2024. (Doc. 36, p. 2 ¶ 3.) The Clerk of Court was ordered to mail a copy of the Order to the Defendants. (Doc. 36, pp. 2-3.)

10. To date, Raymore has failed to respond to Plaintiff's discovery requests.

11. As noted in the Court's November 27, 2023 Order (Doc. 31, p. 1.) "Defendants must have counsel and cannot represent themselves in this matter. *E.g., Nat'l Lab. Rels. Bd. v. Westrum*, 753 F. App'x 421, 422 n.1 (8th Cir. 2019); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) *Lattanzio v. COMTA*, 481 F.3d 137, 140-41 (2d Cir. 2007)".

12. As the Supreme Court has observed, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Coun*., 506 U.S. 194, 202 (1993); see also *Palazzo v Gulf Oil Corp*., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel."). Courts have ruled that a corporation's failure to retain new counsel after the withdrawal of its initial counsel is a valid basis for a court to enter a default and a default judgment against the corporation, notwithstanding that it (through counsel) had previously filed an answer to the complaint. See, e.g., Barnett v. AS & I, LLC, No. 3:13-cv-2464-BN, 2014 WL 1641905, at *1-2 (N.D. Tex. Apr. 24, 2014).

13. To date, no appearance has been filed on behalf of Defendants nor have Defendants communicated with Plaintiff's counsel, or apparently the Court, in any way seeking either an extension of time or otherwise indicating an intent to secure proper representation.

14. Without legal representation, Defendants cannot appear herein to defend this action and thereby are in default.

**WHEREFORE**, Plaintiff respectfully requests that this Court direct the Clerk of the Court to enter a Default against the Defendants, pursuant to Rule 55(a), for failure to "otherwise defend" this action.

Respectfully submitted,

*Donald F. McDonald, Jr.*
DONALD F. McDONALD, JR.   MO #28950
*dfm@dfmcdonald.com*
8500 Shawnee Mission Pkwy, Suite L22
Merriam, KS  66202
(816) 471-6444
(913) 671-3301 *facsimile*
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 17, 2024 a true and accurate copy of the above and foregoing was sent to counsel of record via the court's electronic filing system and served on the following via US Mail:

Nursing & Rehab at Raymore LLC
c/o VCORP AGENT SERVICES, INC.
120 South Central Avenue
Suite 400
Saint Louis, MO 63105

and

Raymore MO Consulting LLC
251 Little Falls Drive
Wilmington, DE 19808

and

Raymore MO Consulting LLC
c/o Atara Delrahim
1776 Avenue of the States
Suite 103
Lakewood, NJ 08701

*/s/Donald F. McDonald, Jr.*
ATTORNEY FOR PLAINTIFFS